UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRYANT NEDEAU, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) CASE NO. 3:12-cv-00393 ) |
| ARBY'S RESTAURANT GROUP, INC., | ) Judge John T. Nixon ) Magistrate Judge Juliet Griffin |
|     Defendant. | ) ) |

### CASE MANAGEMENT ORDER

Plaintiff and Defendant, by and through the undersigned counsel and pursuant to Local Rule 16.01, respectfully submit the following Proposed Case Management Order.

**A. Status of Service of Process and Responsive Pleadings.**

Service of process has been obtained on the defendant.

**B. Basis on Which Jurisdiction Is Invoked.**

This court has jurisdiction over the instant controversy brought under the Americans with Disabilities Act ("ADA") pursuant to 28 U.S.C. § 1331. Jurisdiction is not disputed.

**C. The Parties' Theories of the Case and Claims and Defenses.**

    1.    Plaintiff's theories and claims.

Plaintiff was employed by Defendant on or about July 11, 2011 as a Fast Track Area Supervisor. Plaintiff was to train for a time in Indiana and area Arby's Restaurants.

On July 14, 2011, while training in Indiana, Plaintiff learned that his wife had been diagnosed with a rare form of cancer. On July 15, 2011, Plaintiff's wife had surgery and was scheduled to begin chemotherapy. Due to complications from surgery, Plaintiff asked his supervisor, Sean Allameh, if it was possible for him to train closer to the Chattanooga area or in

LEGAL02/33351391v1

the alternative if he could be scheduled for two (2) consecutive days off each week so that he could return to Chattanooga to care for his wife. Approximately, one and one-half hours after Plaintiff's request for accommodation, Plaintiff was terminated. At the time of his termination, Plaintiff was told by his supervisor that Defendant did not believe that Plaintiff could handle the balance of learning a new job and taking care of his sick wife.

Defendant's acts were intentional. Plaintiff was terminated for his association with a disabled person (his wife) in violation of 42 U.S.C. 12101, *et seq.*

2. Defendant's theories and defenses.

Plaintiff was hired by Arby's Restaurant Group, Inc. ("Arby's") on or about July 11, 2011 as a Fast Track Area Supervisor in the Indianapolis market. He was to complete seven weeks of Basic Management Training, five additional weeks of Advanced Management Training, and then manage a restaurant as a General Manager until an Area Supervisor position became available in the Indianapolis market. After four days of training, Charging Party requested a transfer to Tennessee because his wife had been diagnosed with an illness. Arby's was unable to transfer Plaintiff to Tennessee because no positions were available, but the Company offered Plaintiff the opportunity to take unpaid time off to care for his wife. Plaintiff, however, insisted that he did not want to take time off and voluntarily ended his employment with Arby's. Defendant denies discriminating against Plaintiff because of his wife's alleged disability.

D. **Contested Issues of Fact and Law.**

All legal, factual, and damage matters remain at issue in this litigation, except for service of process, jurisdiction, and venue.

2

LEGAL02/33351391v1

### E. Witnesses

The parties anticipate that fact witnesses will include Plaintiff, one or more of Defendant's Human Resources personnel, and approximately eight (8) additional witnesses.

### F. Need for Counterclaims, Cross-Claims, Third-Party Claims, Amendments to the Pleadings, Joinder and/or Consideration of Class Action.

Although the parties do not presently anticipate any counterclaims or cross-claims, the parties may pursue any of the above in accordance with the Federal Rules of Civil Procedure. Any motions to amend pleadings or to add parties shall be filed on or before September 4, 2012.

### G. Initial Disclosures and Staging of Discovery.

1. Discovery is not stayed during dispositive motions, unless otherwise ordered by the Court. No motions concerning discovery issues are to be filed until the parties have conferred in good faith in an attempt to resolve those issues. The parties shall contact the Magistrate Judge's office and schedule a telephone conference prior to filing any discovery motions.

2. Initial disclosures pursuant to Rule 26(a)(1) should be exchanged on or before July 9, 2012.

3. All fact discovery must be completed no later than February 1, 2013.

4. Discovery-related motions (except for motions related to discovery pertaining to experts) shall be filed by February 1, 2013, only after the parties have conferred in good faith as provided above.

5. Plaintiff shall declare his expert and serve Rule 26(a)(2) disclosures on or before December 7, 2012. Defendant shall declare its experts and serve Rule 26(a)(2) disclosures on or before January 7, 2013.

LEGAL02/33351391v1

6. If third party subpoenas are issued by either party, the parties agree to provide each other at least three (3) business days advance notice prior to issuance of the subpoena.

H. **Filing of Dispositive Motions.**

The deadline for filing dispositive motions is March 5, 2013. Responses shall be due 28 days after the filing of the dispositive motion. Any replies to a response to a dispositive motion shall be filed 14 days after the filing of the response.

I. **Settlement Prospects.**

The parties have not attempted settlement at this time. The parties will consider a judicially-conducted settlement conference or mediation following the completion of some discovery.

J. **Subsequent Case Management Conference.**

A subsequent case management conference or a telephone conference shall be held if so desired by the parties and so approved by the court.

K. **Trial Date.**

The parties estimate that this trial will take approximately three (3) to four (4) days, depending upon the issues that remain after the completion of discovery and dispositive motions. The parties estimate that this case should be ready for trial on or after July 2013, in Nashville, Tennessee.

**It is SO ORDERED.**

_____
JULIE T GRIFFIN
United States Magistrate Judge

4

LEGAL02/33351391v1

SUBMITTED FOR ENTRY BY:

/s/ Harry F. Burnette
Harry F. Burnette
Tennessee Bar No. 004803
H. Eric Burnette
Tennessee Bar No. 24342
BURNETTE, DOBSON & PINCHAK
711 Cherry Street
Chattanooga, Tennessee 37402
Phone: (423) 266-2121
Fax: (423) 266-3324

ATTORNEYS FOR PLAINTIFF


/s/ Brett E. Coburn
Charles H. Morgan
Georgia Bar No. 522040
charlie.morgan@alston.com
Brett E. Coburn
Georgia Bar No. 171094
brett.coburn@alston.com
Alexandra V. Garrison
Georgia Bar No. 498906
alex.garrison@alston.com
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777

Steven E. Anderson
Tennessee Bar No. 13143
sanderson@andersonreynolds.com
ANDERSON & REYNOLDS PLC
One American Center, Suite 225
3100 West End Avenue
Nashville, Tennessee 37203
Phone: (615) 942-1700
Fax: (615) 942-1701

ATTORNEYS FOR DEFENDANT ARBY'S
RESTAURANT GROUP, INC.