IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BRYANT NEDEAU )
) No. 3-12-0393
v. )
)
ARBY'S RESTAURANT GROUP, INC. )

O R D E R

By contemporaneously entered order, the Court has approved and entered the parties' proposed case management order, with modifications addressed at the initial case management conference held on June 12, 2012. Those modifications and other matters addressed on June 12, 2012, are as follows:

1. Although not addressed on June 12, 2012, two deadlines in the contemporaneously entered order have been modified since they fall on non-working days. Specifically, the deadline for serving Rule 26(a)(1) initial disclosures has been extended from July 8, 2012, to July 9, 2012, because July 8, 2012, is a Sunday, and the September 3, 2012, deadline for filing any motions to amend the pleadings has been extended to September 4, 2012, because September 3, 2012, is Labor Day.

2. Because the parties anticipate little discovery of electronically stored information, they are exempted from the provisions of Administrative Order No. 174, entitled "Default Standard for Discovery of Electronically Stored Information ('E-Discovery')," entered July 9, 2007.

3. The first sentence of § G(5) of the parties' proposed order has been deleted. The plaintiff shall have until December 7, 2012, to serve expert disclosures in accord with Rule 26(a)(2) of the Federal Rules of Civil Procedure.

The defendant shall have until January 7, 2013, to serve Rule 26(a)(2) expert disclosures.

4. The parties agree that there will be no rebuttal expert disclosures.[1]

---

[1] In fact, plaintiff's counsel represented that it was unlikely that the plaintiff would use an expert, and defendant's counsel represented that, if the plaintiff does not use an expert, the defendant

5. All expert discovery shall be completed by March 5, 2013.

6. Any third party subpoenas shall be issued by December 31, 2012.

7. As provided in the contemporaneously entered order, the deadline for filing any dispositive motion is March 5, 2013. Any response shall be filed within 28 days of the filing of the motion or by April 2, 2013, if the motion is filed on March 5, 2013. Any reply, if necessary, shall be filed within 14 days of the filing of the response or by April 16, 2013, if the response is filed on April 2, 2013.

No other filings in support of or in opposition to any dispositive motion shall be made except with the express permission of the Honorable John T. Nixon.

There shall be no stay of discovery before the February 1, 2013, deadline for completion of fact discovery or the March 5, 2013, deadline for completion of expert discovery even if a dispositive motion is filed prior thereto.

8. Counsel for the parties shall convene a telephone conference call with the Court on **Wednesday, October 10, 2012, at 2:00 p.m., central time,** to be initiated by defendant's counsel, to address the potential for settlement, propriety of ADR, whether or not the defendant will file a dispositive motion, and, if not, whether the parties request an earlier trial date, and any other appropriate matters.

In consultation with Judge Nixon's office, a jury trial is scheduled to begin on **Tuesday, October 22, 2013, at 9:00 a.m.,** in Courtroom 774, U.S. Courthouse, 801 Broadway, Nashville, TN. The parties estimate that the trial will last 3-4 days.

The parties are directed to contact Ms. Mary Conner, courtroom deputy to Judge Nixon, by no later than 12:00 noon on Friday, October 18, 2013, if this case has settled. Failure to provide such notification in the event the parties have settled the case may result in assessment of costs

---

will not use an expert and may not use an expert even if the plaintiff does.

against the parties and/or their attorneys, including but not limited to the costs of summoning the jurors.

A pretrial conference is also scheduled before Judge Nixon on **Friday, October 11, 2013, at 10:00 a.m.,** in Chambers, 770 U.S. Courthouse.

By September 13, 2013, counsel shall advise opposing counsel of those portions of any depositions to be read to the jury or those portions of video depositions to be viewed by the jury, in accord with Local Rule 32.01(b) and Rule 26(a)(3)(A)(ii) of the Federal Rules of Civil Procedure, and shall serve a list of the expected witnesses and exhibits in accord with Rule 26(a)(3)(A)(i) and (iii) of the Federal Rules of Civil Procedure.

By September 23, 2013, the parties shall file any motions in limine, any <u>Daubert</u> motions and/or motions relating to expert testimony, any evidentiary objections to deposition testimony in accord with Local Rules 32.01(b) and 39.01(d)(1) and Rule 26(a)(3)(B), and any objections to proposed exhibits in accord with Rule 26(a)(3)(B).

Any responses to such motions in limine, any responses to any <u>Daubert</u> motions and/or motions relating to expert testimony, and any responses to objections to deposition testimony and proposed exhibits shall be filed by October 4, 2013.

By October 4, 2013, the parties shall also:

1. Submit a proposed joint pretrial order, which shall include:
    (a) a recitation that the pleadings are amended to conform to the pretrial order and that the pretrial order supplants the pleadings;
    (b) a short summary of the plaintiff's theory (no more than one page);
    (c) a short summary of the defendant's theory (no more than one page);
    (d) a succinct statement of the relief sought;
    (d) a statement of the issues, including a designation of which issues are for the jury and which issues are for the Court;
    (e) a summary of any anticipated evidentiary issues;

(f) a statement that counsel have complied with Rule 26(a)(2) and Rule 26(e) of the Federal Rules of Civil Procedure; and

(g) the estimated length of the trial.

2. File pretrial briefs, including:

(a) a concise statement of the facts;

(b) a concise statement of the issues;

(c) a statement of the propositions of law upon which counsel relies, together with citations of authorities in support thereof;

(d) those evidentiary rulings counsel anticipates may arise and the legal authorities upon which counsel relies in support of his or her contentions; and

(e) what damages are recoverable and, where applicable, a proposed method of reducing future damages to present value.

3. File any deposition transcripts that the parties expect to use at trial;

4. Serve and file their respective final lists of witnesses and exhibits;

5. File a listing of all agreed stipulations;[2] and

6. File proposed jury instructions, any special interrogatories, and any special verdict forms.[3]

A deadline for filing pretrial briefs will be established at the pretrial conference, if appropriate.

---

[2] Counsel shall attempt to good faith to stipulate to the authenticity of exhibits, and shall stipulate to any matters as to which there is no genuine issue or to which counsel does not intend to contest. Objections to authenticity of exhibits and any proposed stipulation to which another party objects will be addressed at the pretrial conference. Objections as to admissibility and relevancy may be reserved until the time of trial or addressed in the context of motions in limine.

[3] Counsel shall confer and jointly prepare and file a set of agreed, proposed instructions and verdict forms. Each proposed jury instruction shall begin on a new page and shall include citations to supporting authorities. The parties may separately file any disputed jury instructions or verdict forms.

The parties shall premark all exhibits and comply with Local Rule 39.01(c)(4).

As a housekeeping matter, the Clerk is directed to enter the address for Alexandra V. Garrison as the same address and telephone number already listed on the docket for Mr. Morgan and Mr. Coburn.

It is so ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge